UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-3113 |

## COMPLAINT

1. American Oversight brings this action to seek information about Corey Lewandowski's role at the Department of Homeland Security ("DHS"), including his status as a Special Government Employee ("SGE").

2. Lewandowski, a political operative who was campaign manager for President Trump's 2016 presidential campaign and reportedly had personal and professional ties to DHS Secretary Kristi Noem during her time as governor of South Dakota, has reportedly developed an "outsized influence" at DHS, despite the supposed temporary nature of his role as an SGE.[1]

3. An SGE is "anyone who works, or is expected to work, for the government for 130

---

[1] *See* Brittany Gibson & Marc Caputo, *Scoop: White House Suspicious of Lewandowski's "Temp" Work*, Axios (Aug. 14, 2025), https://www.axios.com/2025/08/14/white-house-dhs-lewandowski-noem (reporting on Lewandowksi's "outsized influence").

1

days or less in a 365-day period."[2]

4. According to public reporting, Lewandowski has become DHS Secretary Noem's "gatekeeper," and is her "de facto chief of staff."[3]

5. Lewandowski is currently serving as Chief Advisor to DHS Secretary Noem.[4]

6. Yet Lewandowski does not appear on the list of senior leaders on the DHS website.[5]

7. As of August 14, 2025, DHS claimed that Lewandowski had only performed 69 days of work for the department, but multiple individuals within the administration believe this number to be a "gross undercount."[6]

8. Lewandowski reportedly has taken multiple measures to avoid documentation that he has worked additional days beyond those reported.

9. Lewandowski "enter[s] government buildings with other employees to avoid swiping his own badge."[7]

10. A recent news report stated that Lewandowski "doesn't always use his government

---

[2] *Summary of Government Ethics Rules for Special Government Employees*, U.S. Dep't of Justice (Feb. 6, 2006), https://www.justice.gov/jmd/ethics/summary-government-ethics-rules-special-government-employees; *see also* 18 U.S.C. § 202(a).
[3] Tarini Parti et al., *How Corey Lewandowski Became Kristi Noem's Gatekeeper at DHS*, Wall St. J. (Apr. 17, 2025, 9:09 PM), https://www.wsj.com/politics/policy/how-corey-lewandowski-became-kristi-noems-gatekeeper-at-dhs-6c08d996; Priscilla Alvarez et al., *How Corey Lewandowski's Power at the Department of Homeland Security Keeps Growing*, CNN (Aug. 5, 2025), https://www.cnn.com/2025/08/05/politics/corey-lewandowski-growing-power-dhs.
[4] *See* Ex. D, *Nat'l TPS Alliance v. Noem*, Case No. 25-cv-1766-EMC (N.D. Cal. May 23, 2025), ECF No. 147-4, *available at* https://www.courtlistener.com/docket/69655305/147/4/national-tps-alliance-v-noem/; *see also* Press Release, *President Trump Announces Appointments to the Homeland Security Advisory Council*, Dep't of Homeland Sec. (June 24, 2025) https://www.dhs.gov/news/2025/06/24/president-trump-announces-appointments-homeland-security-advisory-council (describing Lewandowski's position as "Chief Advisor" to Secretary Noem).
[5] *Leadership*, Dep't of Homeland Sec., https://www.dhs.gov/leadership (last visited Sept. 9, 2025).
[6] Gibson & Caputo, *supra* note 1.
[7] *Id.*

2

email or phone number for official business, avoiding digital paper trails on government systems."[8]

11. On information and belief, Lewandowski uses his personal phone and email for official business.[9]

12. Despite the murky status of Lewandowski's official role, he exercises wide-ranging authority across a broad range of subject matters that fall under the purview of DHS.

13. Some meetings scheduled with Secretary Noem are "routed through Lewandowski."[10]

14. Lewandowski has veto power over DHS contracts and grants that exceed $100,000.[11]

15. Lewandowski has made a number of personnel decisions, including directing firings and requesting that certain employees be placed on administrative leave.[12]

16. Lewandowski's outsized role at DHS has also raised ethical concerns.

17. As an SGE, Lewandowski is a "public filer" as defined by 5 C.F.R. § 2634.202(c).

18. Lewandowski is required to file a financial disclosure report.[13]

19. Lewandowski has not filed a public financial disclosure report.

20. On information and belief, Lewandowski has not received a waiver from filing such

---

[8] Gibson & Caputo, *supra* note 1.
[9] *See id*.
[10] Parti, *supra* note 3.
[11] Myah Ward & Zack Colman, *Lewandowski's Veto Power over DHS Contracts Frustrates Admin Officials: 'Corey Is Part of the Problem'*, Politico (Aug. 27, 2025, 5:55 AM), https://www.politico.com/news/2025/08/27/tk-00527043.
[12] *See* Alvarez, *supra* note 3.
[13] *See* 5 U.S.C. § 13103(f) (stating that certain special Government employees falls within the ambit of this section), 5 C.F.R. § 2634.202(c) (same); 5 C.F.R. § 2634.201(b)(1) (noting that for new entrants, "an individual must file a public financial disclosure report" within 30 days); 5 U.S.C. § 13103(h) (stating that someone who actually "performs the duties of the office or position for more than 60 days in a calendar year" must file a disclosure "within 15 days of the 60th day"); 5 C.F.R. § 2634.204(c) (same).

a financial disclosure report.

21. SGEs "may not engage in outside employment or any other outside activity that conflicts with their official duties." 5 C.F.R. § 2635.802(a).

22. Lewandowski has said that he "doesn't engage in private business related" to DHS, but he declined to disclose if he has private clients.[14]

23. The *Wall Street Journal* reported that federal records show that DHS "fast-tracked" a contract, which "didn't follow an open and competitive process," to a political consultant with whom Lewandowski previously worked on a political campaign.[15]

24. Lewandowski's failure to file a financial disclosure report, his refusal to disclose whether he has maintained private clients—including whether he has any private clients with business before the agency—and the possibility that he has worked more days as an SGE than have been documented raise questions about his compliance with other laws and regulations that apply to SGEs.

25. Plaintiff American Oversight has submitted several requests to DHS under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including the three FOIA requests at issue in this lawsuit, to shed light on Lewandowski's role and actions during his time at DHS.

26. Having received no records or determinations in response to its requests, American Oversight now brings this action against the agency under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

---

[14] Parti, *supra* note 3.
[15] *Id.*

4

**JURISDICTION AND VENUE**

27. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

28. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

29. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

30. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

31. Defendant U.S. Department of Homeland Security is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy

Secretary, the Office of the Executive Secretary, the Office of Intergovernmental Affairs, the Management Directorate, the Office of Policy, the Office of Legislative Affairs, and the Office of Public Affairs. DHS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

32. Between May and July 2025, American Oversight submitted three FOIA requests to DHS seeking various categories of records with the potential to shed light on Corey Lewandowski's role within DHS.

*Lewandowski Communications and Calendar Request*

33. On May 9, 2025, American Oversight submitted a FOIA request to DHS (bearing internal tracking number DHS-25-1273) seeking email communications sent by Corey Lewandowski with external domains; his calendar or calendar entries; text messages; records reflecting communications between him and anyone in the White House Office; records reflecting communications between him and anyone with a U.S. House of Representative email address (@mail.house.gov) and/or U.S. Senate email address (senate.gov); and email communications between him and anyone communicating on behalf of the Department of Government Efficiency ("DOGE"), U.S. DOGE Service, or the U.S. DOGE Service Temporary Organization, for the time period of January 20, 2025 through the date the search was conducted.

34. A true and correct copy of that request is attached as Exhibit A.

35. On May 27, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-04140, and stated that DHS would invoke a 10-day extension for its response to the request.

36. As of the date of this filing, American Oversight has received no further

6

communication from DHS regarding this FOIA request.

*Insurrection Act and Posse Comitatus Act Request*

37. On June 10, 2025, American Oversight submitted a FOIA request to DHS (bearing internal tracking number DHS-25-1539) seeking email communications of nine senior DHS officials, including Corey Lewandowski, for key terms related to the Insurrection Act and the Posse Comitatus Act, for the time period of April 10, 2025 through June 5, 2025.

38. A true and correct copy of that request is attached as Exhibit B.

39. On June 12, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-04732, and stated that DHS would invoke a 10-day extension for its response to the request.

40. As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

*Denaturalization Request*

41. On July 10, 2025, American Oversight submitted a FOIA request to DHS (bearing internal tracking number DHS-25-1742) seeking email communications of seven senior DHS officials, including Corey Lewandowski, containing certain key terms related to the denaturalization of American citizens, for the time period of January 20, 2025, through the date the search was conducted.

42. A true and correct copy of that request is attached as Exhibit C.

43. On July 18, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-05499, and stated that DHS would invoke a 10-day extension for its response to the request.

44. As of the date of this filing, American Oversight has received no further

communication from DHS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

45. As of the date of this Complaint, Defendant has failed to (a) notify American Oversight of final determinations regarding American Oversight's FOIA requests, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

46. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

47. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48. American Oversight properly requested records within the possession, custody, and control of Defendant.

49. Defendant is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

50. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to the American Oversight's FOIA requests.

51. Defendant's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

52. Plaintiff American Oversight is therefore entitled to injunctive and declaratory

relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

53. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

54. American Oversight properly requested records within the possession, custody, and control of Defendant.

55. Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

56. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

57. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

58. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

a) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

b) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

c) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

d) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e) Grant American Oversight such other relief as the Court deems just and proper.

Dated: September 10, 2025

Respectfully submitted,

*/s/ Daniel Martinez*
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
danny.martinez@americanoversight.org

*Counsel for Plaintiff*